WHARF *against* HOWELL and wife.

IN ERROR.

THIS was an ejectment in the District Court, for a
messuage and lot in the city of *Philadelphia.*

The title to the premises in question, was on the 5th of
*April* 1806, in *Mary Bell,* the wife of *Howell,* the plaintiff
below, who on that day, in consideration of 200 dollars, exe-
cuted and delivered to *Ann Dolan,* an absolute deed of the
property in fee simple. At the same time *Ann Dolan* exe-
cuted and delivered to *Mary Bell,* a deed of defeasance,
conditioned, that if the said *Mary,* her heirs &c. should
within three months from the date, well and truly pay to
the said *Ann,* her heirs &c., the sum of 200 dollars without
any fraud or further delay, and without any deduction or
abatement whatever, the deed first mentioned should be
void, and the grantee of the premises should reconvey. On
behalf of the plaintiffs it was proved at the trial that the
property was at the time of the conveyance worth 800 dollars;
and the scrivener who drew the writings testified, that
when they were executed, he considered them in nature of a
mortgage, and so explained them to the parties. He also
stated that within three months afterwards, a tender of the
money due was made by *Mary Bell.* The property had been
since the transaction rented by *Ann Dolan,* and the rents
received by her. On the contrary, the defendant gave evidence
to shew that the tender had not been legally made, nor to a
tion for taxes, the absolute deed should be void, and *B* should reconvey. At the time of
executing the deeds, the scrivener considered them in the nature of a mortgage, and so
explained them to the parties. *Held,* that although there was no covenant for the payment
of the money lent and interest, the writings constituted a mortgage, upon which the lender
might recover the money due, by *scire facias* and sale; and that if the rents and profits re-
ceived by the lender up to the time of trial, were equal to the money lent and interest,
the borrower might recover in ejectment, without bringing the amount into court.

*Philadelphia,
Saturday,
April* 10.

When the ques-
tion, whether
mortgage or
not, depends
wholly upon
writings, it is a
question of law
for the Court,
and should not
be left to the ju-
ry. Otherwise, if
it depends partly
on parol evi-
dence.
*A,* in conside-
ration of 200 dol-
lars, executed
and delivered to
*B,* an absolute
deed in fee sim-
ple of a mes-
suage and lot of
ground worth
800 dollars. At
the same time,
*B* executed and
delivered to *A* a
deed of defea-
sance, condi-
tioned that if *A*
should within
three months
pay to *B* the
sum 200 dollars,
without any
fraud or further
delay, and with-
out any deduc-

1813.

WHARF
v.
HOWELL.

sufficient amount, and that *Ann Dolan* had been at the charge of some necessary repairs. And on this the case rested.

The presiding Judge gave it in charge to the jury, that under the circumstances they were to judge, whether the transaction was an absolute sale, subject to a right of re-purchase within a limited time, or whether it amounted to a mortgage. If it was an absolute sale, then it was essential that the tender should have been made within the limited time, or the right was gone for ever. If it was a mortgage, then it might be redeemed at any time, and the tender was of no further importance than to authorise the commencement of the suit; and if the rents and profits received up to the time of trial, free of all deductions for taxes, repairs and the like, were equal to the money due and interest, the plaintiffs were intitled to recover, although they had not brought the money into court. That if the jury had a doubt, that doubt ought to operate in favour of its being a mortgage, because such a decision would do justice between the parties. In the opinion of his Honour, a Court of Chancery under the circumstances would consider the agreement as a mortgage; and he saw no reason why the District Court should not consider it in the same point of view.

The defendant excepted to the charge, and the jury found for the plaintiffs.

*Browne* and *M'Kean* for the plaintiff in error. The Court below erred in several particulars. 1. In leaving to the jury the decision of a question of law; for what is a mortgage, and what circumstances shall make a mortgage out of a deed absolute on its face, are questions of law which the Court should have decided. 2. In giving it as their opinion that the writings did amount to a mortgage, whereas they were an absolute sale, with a right of repurchase. The true meaning of the parties ought, no doubt, to be carried into effect. If the conveyance to *Ann Dolan* was meant as a security for money, without a view to a sale, the Court were right; it was and must always remain a mortgage. But there are features in the case which are incompatible with a security, and shew it to have been a sale. It is essential to a security, that there should be a remedy for the recovery of the loan. In the deeds there is no interest reserved, there is no covenant to pay the money, it rested wholly in the pleasure of *Mary Bell* whether

to pay or not. What would have been the remedy of *Dolan?* A *scire facias* would not lie. Our act of 1705 contemplates the case of a covenant or condition in the mortgage deed, and authorises a sale, upon the same ground that Chancery decrees a foreclosure, because the covenant or agreement to repay has been broken. Besides, the deed in *Dolan's* possession was absolute. The defeasance was in the hands of *Bell.* It would therefore have been out of *Dolan's* power to proceed upon the defeasance, and to produce both before the Court as constituting together a mortgage. *Bell* might have baffled the lender forever. This is material upon the question of intention. Inequality of price is by itself of no moment, *Sugden* 170; but here there was a risk on the part of the lender, which negatives the intention of a mortgage, as much as inequality of price does the intention of a sale. The building was of wood. If burnt, the security was gone, as the lot was subject to a considerable ground rent. This was a strong argument against a mortgage. The justice of the case consisted in allowing a repurchase within a limited time, and not in compelling *Dolan* to wait a year after the three months, before she could institute an action. It is a leading circumstance with a Court of Chancery in decreeing a mortgage, that there is a covenant to pay the money, and in decreeing against it, that there is none. *Howard* v. *Harris* (a), *Floyer* v. *Lavington* (b), *Tasburgh* v. *Echlin* (c). 3. The Court also erred in not requiring the principal to be brought into court. For several reasons it was requisite. It was a surprise upon the defendant to call for an account in an action of ejectment. The rents and profits, should therefore have been left for a distinct action. No interest being reserved, the profits were by the agreement of the parties in lieu of interest, and therefore we ought never to be called to account for them. *Talbott* v. *Braddell* (d). The risk was equivalent to the advantage. It was particularly wrong to take into view the rents subsequent to the action, because it exposed the defendant to costs, although at the institution of the suit, the possession was properly withheld.

*Sergeant* for the defendants in error. 1. Had there been

(a) 1 *Vern.* 190.        (c) 2 *Bro. Par. Ca.* 265.
(b) 1 *P. Wms.* 265.        (d) 1 *Vern.* 183. 394.

1813.

WHARF
v.
HOWELL.

no facts independent of the writings, the Court should have decided the whole; but there was parol testimony as to the explanations of the scrivener, the value of the property, the understanding and agreement of the parties. This gave the jury an authority to decide. But in truth, nothing but the facts were left to them, the Judge giving his opinion upon the law. 2. Whether a mortgage or not, depended upon the writings, and the understanding of the parties. That a mortgage may be composed by two deeds is not denied; and it is remarkable, that the present defeasance contains the same terms, which are inserted in the proviso to a common mortgage. The property was worth four times the money advanced; and it is going too far to say that this is of no moment in a doubtful case. In connection with the evidence of the scrivener, which was left to the jury, and was credited by them, the whole is perfectly plain. It would be monstrous to say that it was a conditional sale, when at the time of executing the deeds, the parties agreed it to be a mortgage. There is no objection of any moment but the want of a covenant to pay; but this is not essential to a mortgage. A mortgage is a conveyance, subject to be defeated by a condition subsequent. The covenant to pay is a matter quite collateral, and is very frequently omitted. It is begging the question to say, that the lender had no remedy. The *scire facias* in no respect depends upon a covenant to pay. It is a proceeding against the land, to enforce a sale, because the condition subsequent is not performed; and as to the inability of the lender to make use of the defeasance, this may be an actual, but it is not a legal inability. She might have called for the production of it, and should have reserved a copy. If this argument had any weight, it would apply in every case where a defeasance was contained in a separate deed; and yet this certainly does not affect the question of mortgage. *Pow. on Mor.* 19. *ch.* 2. —3. The Court were right as to the rents and profits. A mortgagee who enters and receives the profits, is in the nature of a bailiff to the mortgagor. *Pow. on Mor.* 464, 5, 6. *Gould* v. *Tancred* (a). In Chancery, if a bill were brought to redeem, the mortgagee would be forced to account; and if he was fully paid, would be forced to deliver up possession, as having had a complete satisfaction. The same thing must

(a) 2 *Atk.* 534.

be done here, where instead of a bill to redeem, the party is driven to an ejectment; and justice is not done unless the account is brought down to the trial. As to the costs, nothing is said in the charge, nor was the subject mentioned below. They are a just penalty upon the defendant, for not giving up possession at the time of the tender.

TILGHMAN C. J. after stating the case, delivered his opinion.

The exceptions to the Judge's charge are, 1st, that he submitted to the jury a matter which was merely a point of law, viz. whether the writings operated as a mortgage or not. 2d. That in the opinion delivered to the jury, he erred in point of law.

1. If the question whether mortgage or not, depended solely on the writings, it would have been purely a matter of law, and ought not to have been left to the jury. But that is not the case. The intention of the parties is to be discovered not only from the writings, but from extraneous circumstances. The value of the property is an important consideration, and so are the acts and declarations of the parties. Cases of this kind are generally decided in Chancery, and the chancellor receives evidence of matters not appearing on the writings. We have no chancery. The court and jury stand in the place of the chancellor. Evidence is given to the jury, who decide the whole matter under the direction of the Court on points of law. In the present case, parol evidence having been given, the Court could do no otherwise than submit the cause to the jury, giving them their opinion in matters of law.

2. The District Court were of opinion that it was a mortgage. The value of the property (amounting to four times the sum paid) weighs strongly in favour of that opinion. And if *Mitchell* was accurate in saying, that he explained to the parties that the writings would operate as a mortgage, there can be little doubt on the subject. The great objection of the defendant is, that there was no covenant to pay the money, and therefore he supposes there could be no action to recover it; which proves that an actual sale was intended, on condition that the property should revert to the vendors, if the purchase money was repaid in three months. But to

1813.

WHARF
v.
HOWELL.

say that there was no remedy for recovery of the money, is begging the question, for if it be a mortgage there is a remedy. We have no mode of foreclosing a mortgage. The mortgagee may recover in an ejectment; but the only way in which the *money* can be recovered, is by *sci. fa.* under the act of 1705. This is a proceeding against the *mortgaged premises only*, and not against the person or the general property of the mortgagor. After judgment a *levari facias* issues, by virtue of which the mortgaged premises are sold. Whether the mortgage consists of *one* or *two* writings, can make no difference. The nature of the case, whatever it may be, is stated in the *sci. fa.* But it is said that the deed of defeasance belongs to the mortgagor, and is not in the possession of the mortgagee, and therefore cannot be set forth in the *sci. fa.* This is a false inference. If the mortgagee uses common care, he will have the defeasance recorded, or keep a copy of it. No difficulty on that point was found in *this case.* If the defendant had refused to produce the writing of defeasance after notice, the contents might have been proved by *Mitchell*, who drew it. It was not denied by the counsel for the defendant, that a mortgage may be made by an absolute deed, accompanied with another deed containing a defeasance in case the money is paid by a certain time, as well as if the whole were contained in one deed. And under all the circumstances of this case, it appears to me that the District Court were right in considering both writings taken together as a mortgage.

Another objection is made to the charge of the judge. It is said, that he erred in charging the jury, that the plaintiffs were intitled to recover, in case they should think that the rents and profits received by the defendant up to the time of trial, (over and above the taxes and reasonable expenditures for repairs &c.) amounted to a sum equal to 200 dollars with interest from the date of this deed of conveyance. The defendant contends that the plaintiffs ought to have brought the money into Court. In this I cannot agree with him. For what purpose should the money be brought into Court, if it was already in the hands of the defendant? How would the matter have stood, if the plaintiffs had filed a bill in Chancery? The defendant would have been ordered to account for the rents and profits, and if those rents and profits had equalled the principal and interest of the debt, it

would have been decreed that he should execute a reconveyance. In order to do justice between the parties, it was necessary that the account should be brought down to the *time of trial.* Whether the defendant should be burthened with the costs of suit, would depend on circumstances. If the money was really tendered in three months, or if the rents and profits equalled the amount of principal and interest before the suit brought, the costs ought to fall on the defendant. But neither party turned its attention to, nor prayed the Court's opinion on the matter of costs particularly, and therefore no particular mention is made of them in the charge. Upon the whole, I am of opinion that the plaintiff in error has not supported any of his exceptions, and therefore the judgment of the District Court should be affirmed.

YEATES J. being unwell, gave no opinion.

BRACKENRIDGE J. concurred with the Chief Justice.

Judgment affirmed.