---

1817.

BARNET
*v.*
GILSON.

---

DEAL and WEIR *against* M'CORMICK.

IN ERROR.

THIS was a writ of error to the Court of Common Pleas, of *Indiana* county, in an ejectment, on which a bill of exceptions was returned to the charge of the Court. The verdict was for the defendant.

*Deal* and *Weir*, the plaintiffs, claimed under an indescriptive warrant, dated the 14th *March*, 1794, and a survey made by *John Moore*, the deputy surveyor of the district, in 1802, and returned into office by his successor *Alexander Taylor*, at some period between the 16th *May*, 1809, and the 14th *August*, 1802. It was shewn by the defendant, in the trial, that another survey, on a different spot, had been made for the plaintiffs, on the 20th *April*, 1796, by *James Ross*, (at that time deputy surveyor of the district) and returned into office on this warrant, on the 18th *May*, 1797. On the 4th *August*, 1812, the Board of Property, after reciting that two original surveys, calling for different tracts, had been returned on the

Pittsburg.

September.

There is no act of assembly which declares, that a warrant vests no title to the land it describes, unless a survey be made thereon within seven years from its date.

Error in stating to the jury an abstract principle, not arising out of the evidence, and no way relating to the cause, shall not be taken advantage of; but where an erroneous principle had

a direct operation on the evidence, and withdrew the attention of the jury from other points, it was held to be fatal.

The minutes of the board of property are not evidence of any fact, but what immediately passes before them.

After a survey made and returned into office, a second survey, without an order of the board of property, is merely void.

Such order may grant relief against the fraud or mistake of an officer, provided no new right has attached, but cannot affect an intervening claim.

1817.

DEAL & WEIR
v.
M'CORMICK.

plaintiffs' warrant, the latter embracing the land called for by the warrant, but which had been rejected; and that the then deputy surveyor had sent another draught of the ground described in the warrant, differing in quantity from the first, but embracing nearly the same lines, a part being left out to prevent more land from being included than could be legally returned, ordered the survey, last returned, to be accepted, and the others to be rejected. The defendant's right, attached to the land by a descriptive warrant, dated 3d *October*, 1805, and a survey thereon, the 20th *April*, 1806, being prior to the acceptance of the last survey made for the plaintiffs.

The following errors were assigned by the plaintiffs in this Court.

1. That the Court of Common Pleas erred in charging the jury that, by an act of assembly of this state, a warrant, be it ever so special, affords no right to the land which it describes, unless a survey be made thereon within seven years from its date, if another person shall, after the lapse of that period, acquire a right thereto.

2. That the Court charged the jury that the act of the Board of Property, in attaching the survey made for the plaintiffs on the 20th *April*, 1796, to a warrant in their names, calling for land in *Fairfield* township, the other side of *Conemaugh*, was not legal evidence, that such survey was not made on the warrant under which they claim.

3. That they charged the jury that the second survey made by *Moore* was irregular and void.

*Reed*, for the plaintiff.

There is no act of assembly requiring a survey to be made within seven years. The 5th section of the act of 26th *March*, 1785, (2 *Smith's Laws*, 299.) is confined to claims existing at the time of the act, and not to future claims. It is altogether retrospective. *Brice* v. *Curran*, (2 *Smith's Laws*, 306.) The minutes of the Board of Property were evidence for the consideration of the jury, and ought to have been left to them, to give them the weight they deserved. Whether the survey by *Moore* was void, was a fact for the jury.

*Foster*, contra.

It is admitted that the charge of the Court was erroneous on the first point. But it was a mere error on an abstract

principle, not necessary to the decision of the case. On the merits both of law and fact, the case is with the defendant : and the Court will not set aside the verdict for a mistake on a point which has no bearing on the case ; and which was productive of no injury to the plaintiffs. On the other points, the Court was clearly right. The decisions of the Board of Property are not evidence of facts litigated between parties : nor are they ever received as such. The first survey having been returned, there could be no other survey, without an order of re-survey. Such second survey is unauthorised and void.

GIBSON J. 1. There is no act of assembly in Pennsylvania which declares that a warrant vests no title to the land it describes, unless a survey be made thereon within seven years from its date. The 5th section of the act of the 26th *March*, 1785, even were it prospective in its operation, would provide for a different case. But, though it is admitted the Judge erred, in stating that the defendant could not make out a title without shewing a survey on his warrant within seven years from the date ; yet it is contended that, as from the whole case disclosed on the record the plaintiffs ought not to recover, they cannot assign for error a mistake of the Judge as to an abstract principle from which they have received no injury. I take the rule to be, that error in stating an abstract principle, not arising out of the evidence, and in no-wise relating to the cause, shall not be taken advantage of by either party : for it would be impossible for such an error to have an effect on the event of the cause ; and so no injury could happen. But that is not the present case. The jury were in effect told, that let the plaintiff's title in other respects be as it might, still without a survey within seven years, his warrant vested no right. The rule thus laid down had a direct operation upon the evidence, and withdrew the attention of the jury from the other points ; and although, on a motion for a new trial, this misdirection might be immaterial, it appearing on the whole that the plaintiffs ought not to recover, yet on a bill of exceptions it is otherwise.

2. I agree fully with the Court, that the act of the board of property in attaching the survey made for the plaintiffs on the 20th *April*, 1796, to a warrant in their names calling for

land in *Fairfield* township, on the other side of the *Cone-maugh*, was not legal evidence that such survey was not made on the warrant under which they claim. It appears to have been done in an *ex parte* proceeding; but in no case are the minutes of the proceedings of the board evidence of any fact, but what immediately passes before it; and there would be infinite danger of injustice if the law were different. The evidence on which that tribunal forms its judgment is for the most part irregularly taken, and depositions are frequently read when the adverse party had no opportunity to cross examine. Besides, the impressions of the board are secondary and inferior to the evidence from which it deduced the fact, and ought to be rejected as not being the best evidence of which the case is susceptible.

3. Whether the second survey made by *Moore* on the plaintiff's warrant was irregular and void, depended entirely, whether the prior survey by *Ross* was made on the warrant under which the plaintiffs claim; and in this point of view it was put to the jury. The law is well settled, that after a survey made and returned into office, a second survey, without an order of the board of property, is merely void. If the owner of a warrant be prejudiced by the fraud or mistake of the officer, the board of property will grant him relief, if no new right has attached itself to the land: but a re-survey, pursuant to an order of the board, will not affect an intervening claim: and this was stated to the jury. But on the first point, the judgment must be reversed.

DUNCAN J. The errors assigned in the charge of the Court are; 1. That the Court of Common Pleas erred in charging the jury, that by an act of assembly, a warrant, be it ever so special, affords no right to the land which it describes, unless a survey be made thereon, within seven years from its date, if another person shall, after the lapse of that period, acquire a right thereto.

2. In charging the jury, that the minutes of the board of property afford no evidence of the mistake; or that the first survey made for the plaintiffs was made on another warrant, and that these minutes form no evidence of the facts stated therein, and ought rather to be regarded as an act of arbi-

trary discretion, contrary to their own rules in other cases.

3. In charging the jury, that the second survey by *Moore*, was irregular and invalid.

The act of assembly referred to by the Court, it is presumed, must be the law of 26th *March*, 1785, entitled " an " act for the limitation of actions, to be brought for the in- " heritance or possession of real property ;" the 5th section of which provides, that " no person or persons, that now " hath or have any claim to the possession of any lands, &c. " or the pre-emption thereof from the Commonwealth, " founded on any prior warrant, whereon no survey has been " made, or in consequence of any prior settlement, improve- " ment, or occupation, without other title, shall thereafter " enter or bring any action, unless he, she, or they, his, her, " or their ancestors, or predecessors, have had the quiet and " peaceable possession of the same, within 7 years next be- " fore entry, or bringing such action."

It seems to be conceded by the counsel for the defendant in error, that this provision did not extend to this case. But it is contended, that it is an abstract proposition of the Court, no way affecting the merits ; that the opinion, if right in all respects on the points bearing on the cause, however erroneous the proposition may be, still this Court of revision will not do a vain thing, by reversing the judgment, and ordering a *venire facias de novo*, if on inspection of the whole record, they are satisfied of the right of the party who has obtained the verdict.

There is little doubt, but that this law was misconceived by the Court, and that the plaintiff's claim, whatever it might be, was not bound by this limitation. For the act only embraces warrants issued before its passage, " now hath or have " any claim," and cannot by any fair construction be extended to warrants obtained thereafter, *Lessee of Brice* v. *Curran*, 2 *Smith*, 306. The act in no part declares a warrant void, which has not been surveyed within 7 years, and that no subsequent survey shall give it validity. For, most clearly, a warrant surveyed after the 7 years, on lands at the time of such survey unappropriated, would vest a title, as against one claiming under subsequent settlement or warrant. This record does not present to the Court a case of abstract legal principles, where the facts are clearly found by a jury,

1817.

DEAL & WEIR
v.
M'CORMICK.

or admitted by the pleadings, in which, if the Court gave a right judgment, though for an erroneous reason, the judgment will not be reversed. It is a general verdict, in which the deduction of facts from the written and parol evidence, the circumstantial and the positive proof, was fairly submitted to the jury. The defendant did not ground his defence on this limitation act, but went into other testimony, which he contended, established certain facts, which tended to destroy the plaintiff's title. The plaintiff contended, that the testimony did not establish these facts. The jury then were to decide, whether these facts were proved or not. But the whole effect might be destroyed in the minds of the jury, by the broad proposition laid down by the Court, which might be considered by them as amounting to the declaration of the law by the Court, that whatever might be the title of the plaintiff, there was an act of assembly which was a bar to his recovery, unless his warrant had been executed on this land, within 7 years from the time of its issuing. The fact that it was not so executed, was clearly established. If so, and if the charge of the Court was correct, it was unnecessary, and would have been idle, for the jury to inquire into any other facts; for let them find these facts as they might, the result would be the same. It is sufficient, however, if it was within the range of possibility, that it might distract the attention of the jurors, from the true merits of the case; as was *held* in *Snyder's lessee* v. *Snyder*, 5 *Binn.* 499. There is, therefore, error in this; and, however, in other parts of the charge, the cause was generally and fairly submitted to the jury on its true and real merits, yet this Court cannot determine, what influence this proposition might have had on the minds of the jurors. But it is the duty of the Court to decide on all points fairly raised on the record. It becomes necessary, therefore, to decide on the two remaining exceptions. I am of opinion, that any facts stated in the body of a decree, on which the decision of the board of property is founded, are not any evidence of these facts. Where the decision was an ancient one, and the witnesses who might be presumed to have established these facts, from the great length of time, must have ceased to exist, it is unnecessary now to decide, whether in such case, these statements would not be some evidence to be weighed by a jury. But in a recent transaction such as this,

1817.

DEAL & WEIR
v.
M'CORMICK.

I am clearly of opinion, that they are not evidence, *prima facie* or otherwise. The question decided by the board of property remains by the act creating this tribunal, (the act of 5th *April*, 1792,) open to the parties, in as full and ample manner as if no determination had ever been given. But this was not a decision of the board of property, it was an *ex parte* order; and could not in any manner affect the title of the defendant, founded on a settlement, warrant and survey, returned many years before this order was made; and I am bound to suppose, that the board would not have acted on this application of the plaintiffs to remove the survey returned, and fix one on the lands of the defendant, without affording him an opportunity of a hearing, had they been informed of this intervening right. In this then there is *no error.*

The third error assigned is, charging the jury, that the second survey by *Moore,* was irregular and invalid.

I do not see any just cause of complaint on the part of the defendant, to this part of the charge. For the Court submit it to the jury to decide, whether the first survey was fraudulently made by the surveyor, with an intention to deprive the owner of his just right. If the jury found, that this survey was unfairly made, then the Court say, the owner, if he complains within a reasonable time of the injury done them, is not bound by it. I cannot see any thing that would be a greater inducement to fraud in the management of several warrants held by the same person, than to suffer the owner of the survey returned, to shift it on other lands, of his own mere motion, without order or direction from the surveyor general, or board of property, under the pretence, that though the survey was made and returned for him, yet it was returned on a warrant not intended. Surely if this is to be rectified, it should be done in some reasonable time, and by application to some proper authority. His warrant by the survey and return is *functus officio.* The command of the surveyor general to his deputy to execute and make return, has been obeyed; the authority of the deputy has been executed; his power is at an end. Such has been the course of decision. In the case of *Drinker* v. *Holliday,* before SHIPPEN and YEATES, Justices, 2 *Smith,* 255, the rule is thus laid down; every survey will be presumed to be made by the consent of the applicant, unless the contrary appear; and when his dis-

1817.
DEAL & WEIR
v.
M'CORMICK.

sent does appear, he must make an early complaint to the surveyor general. When a survey has been completed on the ground, a new survey cannot be made without new directions. So in the case of *Porter* v. *Ferguson,* before YEATES and SMITH, Justices, 2 *Smith,* 255, the legal presumption is, that the first survey was made with the full consent of the party, and shall conclude him, unless fraud or improper conduct can be justly ascribed to the deputy surveyor, and complaint made, and followed up in a reasonable time. No benefit can be derived under a latter survey, unless by shewing the warrant or order on which it was granted. The same law is laid down in *Hunter* v. *Meason,* 2 *Smith,* 256. If such be the law, on a survey executed, how much stronger is the case of a survey executed and returned? It would appear, after the survey returned, no new survey, nor the extension of the lines of an old survey, can be made, without a new warrant, or order of survey; the former authority being *functus officio, Nicholas* v. *Holliday,* 2 *Smith,* 256. Before the return, the lines of a survey made by mistake, may be extended, so as no injury resulted to other claimants, *Biddle* v. *Dougall,* 2 *Binn.* 38. In *Evans's lessee* v. *Nargong,* 2 *Binn.* 55, the Chief Justice considers the law as settled, that the owner of a survey returned, has no right to make an addition, without an order of the land office; and if it were otherwise, it would be productive of great confusion and injustice. If an addition cannot be made, a new survey on other lands, without such order, surely cannot. If this latter survey was void, as being made without authority, I am decidedly of opinion, that the acceptance and ratification of it by the board of property, cannot render it valid, where, as in this case, the defendant had acquired a right previous to such acceptance and ratification.

Judgment, however, must be reversed for the first error assigned.

*Judgment reversed.*